IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PAULA THRASH PICKETT**                                                    **PLAINTIFF**

**v.**                                                     **Civil No. 3:16-cv-743-CWR-JCG**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*                        **DEFENDANT**

<u>**REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS BE DENIED**</u>

BEFORE THE COURT is Plaintiff Paula Thrash Pickett's Application [2] to

Proceed in forma pauperis.  Plaintiff, through counsel Emily-Ruth S. Ratliff, filed

her Complaint seeking judicial review of a decision by the Commissioner of Social

Security. Having considered Plaintiff's Application to proceed in forma pauperis,

accompanying affidavit, and relevant law, the undersigned recommends that the

Application be denied.

"Section 1915(a) is intended to provide access to federal courts for plaintiffs

who lack the financial resources to pay any part of the statutory filing costs." *Prows

v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988)(citing 28 U.S.C. § 1915(a)). The district

court must determine whether payment of all or a part of the costs will cause the

plaintiff undue financial hardship in light of her financial resources and liabilities.

*Id.* The Court's determination is reviewed for an abuse of discretion.  *Id.*

The Application filed by Plaintiff indicates that she receives $1,16-743

850.00 in military retirement benefits due to the service of her husband who passed

away in August 2015. No persons rely on Plaintiff for support. Plaintiff's home is

valued at around $145,000.00, with a mortgage balance of $45,000. Plaintiff owns

two cars, one valued at $6,000.00 and the other valued at $2,500.00.

This Court as well as others have utilized the U.S. Federal Poverty Guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.*, No. 3:13cv836-DCB-MTP (Mar. 13, 2014), *adopted by*, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). The federal poverty guideline for a family of one is $14,840.00 annually. *See* Annual Update of the HHS Poverty Guidelines, 81 Fed.Reg. 4036 (Jan. 25, 2016). Plaintiff's household income exceeds the poverty guideline for a one-person household by $7,360.00. Having considered the expenses and assets reported in Plaintiff's Application and the applicable federal poverty guideline, the undersigned is of the opinion that Plaintiff is capable of paying the $400.00 civil filing fee ($350.00 + $50.00 administrative fee) without undue hardship if given a reasonable amount of time to tender this amount. Under the circumstances presented, Plaintiff should not be permitted to proceed at taxpayer expense. It is recommended that Plaintiff be given until December 12, 2016, to pay the $400.00 civil filing fee.

## RECOMMENDATION

The undersigned recommends that:

1.   Plaintiff's Application [2] to Proceed in forma pauperis be denied;

2.   Plaintiff be given until December 12, 2016, to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee); and

3.   Should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 11th day of October, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE